# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WEBGISTIX CORPORATION,

        Plaintiff,

vs.

JOSEPH DISORBO, KELLY MATZENBACHER, and TREND NATION, LLC,

        Defendants.

Case No. 2:17-cv-00218

**CONSENT ORDER ON PLAINTIFF WEBGISTIX CORPORATION AND JOSEPH DISORBO'S JOINT STIPULATION**

TO ALL PARTIES AND THEIR ATTORNEYS:

Plaintiff, Webgistix Corporation, d/b/a Rakuten Super Logistics, Incorporated ("RSL"), and Defendant Joseph DiSorbo, together acting through their below counsel, have conferred as to the matters set forth in RSL's Complaint and Motion for an Emergency Temporary Restraining Order filed with this Court on January 26, 2017. Pursuant to these conversations, and subject to further Order of the Court, DiSorbo agrees to be bound by the following terms and conditions, without the need for a motion for preliminary injunction by RSL:

1. DiSorbo is enjoined from accessing RSL's computer systems and networks;

2. Pending final resolution of this matter, DiSorbo is enjoined from using RSL's confidential and proprietary data and information which is in DiSorbo's possession, custody, or control for any purpose, including soliciting RSL's customers;

3. Pending final resolution of this matter, DiSorbo is enjoined from using, disclosing, or infringing upon in any way RSL's confidential and proprietary data and information or trade secrets which are in DiSorbo's possession, custody, or control;

4. DiSorbo is enjoined from altering, deleting, and/or copying any information or data maintained in hard copy or electronically which is currently in DiSorbo's possession, custody, or control and in any way relates to RSL's Company Confidential Information (as defined in the Confidentiality Agreement attached to RSL's Complaint) and/or trade secrets, as well as Defendants and their agents' access or attempts to access RSL's computer systems

following RSL's termination of DiSorbo and Kelly Matzenbacher, including, but not limited to, information or data contained in any of Defendants' email accounts or on their computers or devices where data may be stored (including, in the case of DiSorbo and Matzenbacher, any computer provided to them by Trend Nation) (collectively, "Defendants' electronic devices"); and

5. DiSorbo will preserve any and all information or data maintained in hard copy or electronically which is currently in DiSorbo's possession, custody, or control and in any way relates to RSL's Company Confidential Information (as defined in the Confidentiality Agreement attached to RSL's Complaint) and/or trade secrets, as well as Defendants' access or attempts to access RSL's computer systems following RSL's termination of DiSorbo and Matzenbacher, including, but not limited to, information or data contained in any of Defendants' email accounts or on their computers or devices where data may be stored, including the computer provided to Matzenbacher by Trend Nation.

6. Within ten (10) Court days following the issuance of this Order, DiSorbo shall identify all digital devices in his possession, custody, or control that were used by him or Matzenbacher and that may contain data relevant to the allegations set forth in the Complaint;

7. Within five (5) Court days following the identification of such devices and email accounts, the parties shall confer to agree upon the naming of a neutral, third-party computer forensic examiner ("the Computer Examiner") who will serve as an Officer of the Court and will agree in writing to be bound by the Protective Order that will be sought in this case. To the extent the Computer Examiner has direct or indirect access to information protected by the attorney-client privilege, such "disclosure" will not result in a waiver of the attorney-client privilege;

8. As soon thereafter as is reasonably practicable, the parties shall agree on a day and time for the Computer Examiner to inspect DiSorbo's electronic devices and to make a forensic copy of DiSorbo's electronic devices (a "mirror image") for inspection only in the presence of DiSorbo and his attorneys. The Computer Examiner will then perform his/her forensic analysis of the "mirror image" utilizing search terms and other information provided jointly by the parties, but otherwise without interference from either party. The Computer Examiner may use any and

all reasonable search techniques to recover documents and document fragments (including e-mail) that are relevant to the claims or defenses of any party in this case or to the subject matter of this lawsuit, or appear reasonably calculated to lead to the discovery of relevant evidence. The Computer Examiner will be required to disclose the search protocol and search terms that he/she uses to analyze the hard drive. In this manner, the Computer Examiner's work easily can be replicated, if necessary, and evaluated;

9. After the Computer Examiner completes his or her analysis of the "mirror image", it will be returned to DiSorbo's counsel along with a Report consisting of (a) a printed copy of all documents, e-mail and document or e-mail fragments that the Expert recovers; (b) a printed list of available date and time information, including when documents were last accessed, last written, created, or modified; and (c) an electronic copy of the same information;

10. DiSorbo's counsel will then review the recovered documents and produce to RSL all non-privileged documents that are responsive to RSL's forthcoming written discovery requests, and which are relevant to the subject matter of this litigation within twenty (20) Court days following receipt of the Expert's report or within thirty (30) days following service of RSL's Request for the Production of Documents and Electronically Stored Information, whichever is later. All documents that are withheld on a claim of privilege will be recorded in a privilege log that will be produced to RSL as soon as practicable;

11. DiSorbo's counsel will be the sole custodian of and shall retain the "mirror image" and copies of all documents retrieved from DiSorbo's electronic devices throughout the course of this litigation. To the extent that documents cannot be retrieved from DiSorbo's electronic devices or the documents retrieved are less than the whole of data contained therein, the Computer Examiner shall submit a Declaration to the Court together with his/her written report explaining the limits of retrieval achieved;

12. The parties agree and acknowledge that this Joint Stipulation is not to be construed as an admission by DiSorbo of any violation of any federal, state or local statute, ordinance or regulation, constitutional right, public policy, common law duty or contractual obligation. DiSorbo specifically denies that he engaged in any wrongdoing concerning RSL.

13. The parties each have the right to move for dissolution or modification of restraints imposed by this Joint Stipulation upon ten (10) days' written notice to the other party.

IT IS SO ORDERED.

_____
RICHARD F. BOULWARE, II
United States District Judge

Date: February 23, 2017.

/s/ Kenneth M. Kliebard
Kenneth M. Kliebard (Admitted *pro hac vice*)
Ashley A. Powers (Admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, IL 60601-5094
kenneth.kliebard@morganlewis.com
ashley.powers@morganlewis.com
Tel: (312) 324-1000
Fax: (312) 324-1001

Christopher J. Banks (*pro hac vice* pending)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596
christopher.banks@morganlewis.com
Tel: (415) 442-1001
Fax: (415) 442-1001

Samuel S. Lionel
FENNEMORE CRAIG, P.C.
300 S. Fourth Street, Suite 1400
Las Vegas, Nevada 89101
slionel@fclaw.com
Tel: (702) 791-8251
Fax: (702) 471-7070

*Attorneys for Plaintiff, Webgistix Corporation*

/s/ Patrick G. Byrne
Patrick G. Byrne (Nevada Bar: 7636)
SNELL & WILMER LLP
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
pbyrne@swlaw.com
Tel: (702) 784-5201
Fax: (702) 784-5252

*Attorney for Defendant Joseph DiSorbo*