Abran E. Vigil
Nevada Bar No. 7548
Russell J. Burke
Nevada Bar No. 12710
BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106
Telephone: (702) 471-7000
Facsimile: (702) 471-7070
vigila@ballardspahr.com
burker@ballardspahr.com

Edward J. McAndrew (admitted pro hac vice)
919 N. Market Street, 11th Floor
Wilmington, DE 19801
mcandrewe@ballardspahr.com

*Attorneys for Defendant Trend Nation, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WEBGISTIX CORPORATION, a Nevada corporation,<br><br>               Plaintiff,<br><br>vs.<br><br>JOSEPH DISORBO, KELLY MATZENBACHER, and TREND NATION, LLC,<br><br>               Defendants. | Case No. 2:17-cv-00218-RFB-CWH<br><br>**STIPULATION AND ORDER TO PERMIT TREND NATION TO AMEND ANSWER AND ASSERT CROSS-CLAIMS** |

Defendant Trend Nation, LLC ("Trend Nation"), Defendant Kelly Matzenbacher ("Matzenbacher"), Defendant Joseph DiSorbo ("DiSorbo"), and Plaintiff Webgistix Corporation ("Webgistix") (all parties together as the "Parties"), by and through their respective counsel of record, in compliance with LR 7-1 and LR 15-1, hereby file this Stipulation and Order to Permit Trend Nation to Amend Answer and Assert Cross-Claims.

///

///

///

1.     Pursuant to the Scheduling Order (ECF No. 46), the deadline to amend pleadings is May 23, 2017.

2.     The Parties stipulate to permit Trend Nation to file the Amended Answer and Cross-claims attached as Exhibit A.

3.     Pursuant to its Amended Answer and Cross-claims, Trend Nation asserts cross-claims for contribution against co-defendants Matzenbacher and DiSorbo.

4.     Trend Nation's amended pleading is not made in bad faith, not made with a dilatory motive, and timely made pursuant to the Scheduling Order.

5.     Good cause exists to permit Trend Nation to file its Amended Answer and Cross-claims.

Dated: May 23, 2017.

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Kenneth M. Kliebard*

Kenneth M. Kliebard (admitted pro hac vice)
Ashley A. Powers (admitted pro hac vice)
77 West Wacker Drive
Chicago, IL 60601-5094
kenneth.kliebard@morganlewis.com
Ashley.powers@morganlewis.com
Tel: (312) 324-1000
Fax: (312) 324-1001

Samuel S. Lionel
Fennemore Craig, P.C.
300 S. Fourth Street, Suite 1400
slionel@fclaw.com
Tel: (702) 791-8251
Fax: (702) 471-7070

*Attorneys for Plaintiff Webgistix Corporation*

BALLARD SPAHR LLP

By: */s/ Russell J. Burke*

Abran E. Vigil, Esq.
Nevada Bar No. 7548
Russell J. Burke, Esq.
Nevada Bar No. 12710
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106

Edward J. McAndrew (admitted pro hac vice)
919 N. Market Street, 11th Floor
Wilmington, DE 19801
mcandrewe@ballardspahr.com

*Attorneys for Defendant Trend Nation, LLC*

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

DMWEST #16536800 v1

SNELL & WILMER LLP

By: */s/ Michael Paretti*
Patrick G. Byrne, Esq.
Nevada Bar No. 7636
3883 Howard Hughes, Suite 1100
Las Vegas, Nevada 89169
pbyrne@swlaw.com

Tel: (702) 784-5201
Fax: (702) 784-5252

*Attorneys for Defendant Joseph DiSorbo*

ASHCRAFT & BARR LLP

By: /s/ Lee Iglody
Lee Iglody, Esq.
Nevada Bar No., 7757
2300 West Sahara Avenue, Suite1130
Las Vegas, Nevada, 89102
iglodyl@ashcraftbarr.com

Tel: (702) 631-7555
Fax: (702) 631-7556

*Attorney for Defendant Kelly
Matzenbacher*

## ORDER

IT IS SO ORDERED:

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

Dated this _26TH_ day of _MAY____, 2017.

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

DMWEST #16536800 v1

# EXHIBIT A

EXHIBIT A

1 Abran E. Vigil
Nevada Bar No. 7548
2 Russell J. Burke
Nevada Bar No. 12710
3 BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
4 Las Vegas, Nevada 89106
Telephone: (702) 471-7000
5 Facsimile: (702) 471-7070
vigila@ballardspahr.com
6 burker@ballardspahr.com

7 Edward J. McAndrew (admitted pro hac vice)
919 N. Market Street, 11th Floor
8 Wilmington, DE 19801
mcandrewe@ballardspahr.com
9
*Attorneys for Defendant Trend Nation,*
10 *LLC*

11

12          UNITED STATES DISTRICT COURT

13              DISTRICT OF NEVADA

14 WEBGISTIX CORPORATION, a Nevada
corporation,                              Case No. 2:17-cv-00218-RFB-CWH
15
                    Plaintiff,
16 vs.                                    **AMENDED ANSWER AND
                                          CROSS-CLAIMS**
17 JOSEPH DISORBO, KELLY
MATZENBACHER, and TREND
18 NATION, LLC,

19                  Defendants.

20

21          Trend Nation, LLC ("Trend Nation") hereby answers Webgistix Corporation

22 d/b/a Rakuten Super Logistic's ("RSL") Complaint as follows:

23              <u>**NATURE OF THE ACTION**</u>

24          1. Trend Nation denies that any actions allegedly taken by Kelly

25 Matzenbacher ("Matzenbacher") or Joseph DiSorbo ("DiSorbo") were for the

26 financial gain or competitive advantage of Trend Nation.  Trend Nation is without

27 sufficient information to admit or deny the remaining allegations of Paragraph 1

28 and therefore denies the same.

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

2.  Trend Nation submits that Paragraph 2 states a legal conclusion, to which no answer is required.  Trend Nation further denies that any actions allegedly taken by Kelly Matzenbacher ("Matzenbacher") or Joseph DiSorbo ("DiSorbo") were for the financial gain or competitive advantage of Trend Nation.  Trend Nation is without sufficient information to admit or deny the remaining allegations of Paragraph 2 and therefore denies the same.

3.  Trend Nation submits that Paragraph 3 states a legal conclusion, to which no answer is required.  Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 3 and therefore denies the same.

4.  Trend Nation denies that Matzenbacher or DiSorbo engaged in alleged unauthorized computer intrusions and misappropriated RSL's trade secrets in the course of their employment at, or while acting as agents of, Trend Nation.  Trend Nation denies that Matzenbacher or DiSorbo used or intended to use any of RSL's alleged trade secrets and/or confidential information for the benefit of Trend Nation. Trend Nation denies that it is liable for the acts of Matzenbacher and DiSorbo. Trend Nation is without sufficient information to admit or deny the remaining allegations of Paragraph 4 and therefore denies the same.

5.  Trend Nation denies the allegations of Paragraph 5.

6.  Trend Nation denies that it has "carr[ied] out [an] unlawful scheme." Trend Nation is without sufficient information to admit or deny the remaining allegations of Paragraph 6 and therefore denies the same.

## JURISDICTION

7.  Without admitting that RSL has stated a proper federal claim, Trend Nation admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

8.  Without admitting that RSL has stated a proper state law claim, Trend Nation admits that this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over pendant state law claims.

2

9. Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 9 and therefore denies the same.

10. Trend Nation admits that this Court has personal jurisdiction over Trend Nation.

## VENUE

11. Trend Nation admits that venue is proper before this Court.

## THE PARTIES

12. Trent Nation is without sufficient information to admit or deny the allegations of Paragraph 12 and therefore denies the same.

13. Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 13 and therefore denies the same.

14. Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 14 and therefore denies the same.

15. Trend Nation admits that it is a limited liability company based in Nevada.

## FACTS COMMON TO ALL CAUSES OF ACTION

16. Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 16 and therefore denies the same.

17. Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 17 and therefore denies the same.

18. Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 18 and therefore denies the same.

19. Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 19 and therefore denies the same.

20. Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 20 and therefore denies the same.

21. Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 21 and therefore denies the same.

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

3

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

22. Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 22 and therefore denies the same.

23. Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 23 and therefore denies the same.

24. Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 24 and therefore denies the same.

25. Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 25 and therefore denies the same.

26. Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 26 and therefore denies the same.

27. Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 27 and therefore denies the same.

28. Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 28 and therefore denies the same.

29. Trend Nation denies that DiSorbo currently serves on its Board of Directors.

30. Trend Nation denies the allegations in Paragraph 30.

31. Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 31 and therefore denies the same.

32. Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 32 and therefore denies the same.

33. Trend Nation admits that it currently employs Matzenbacher. Trend Nation is without sufficient information to admit or deny the remaining allegations of Paragraph 33 and therefore denies the same.

34. Trend Nation submits that Paragraph 34 states a legal conclusion to which no answer is required. Trend Nation further denies the allegations in Paragraph 34.

4

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

35.     Trend Nation denies that it competes with RSL for customers and market share.  Trend Nation denies the remaining allegations in Paragraph in 35 as they misstate Trend Nation's business purpose and services.

36.     Trend Nation submits that the allegations in Paragraph 36 derive from Trend Nation's publicly available website.  Trend Nation denies any allegations inconsistent with this publicly available website as of the date of this Answer.

37.     Trend Nation denies the allegations in Paragraph 37.

38.     Trend Nation submits that Paragraph 38 states legal conclusions to which no answer it required.  Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 38 and therefore denies the same.

39.     Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 39 and therefore denies the same.

40.     Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 40 and therefore denies the same.

41.     Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 41 and therefore denies the same.

42.     Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 42 and therefore denies the same.

43.     Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 43 and therefore denies the same.

44.     Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 44 and therefore denies the same.

45.     Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 45 and therefore denies the same.

46.     Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 46 and therefore denies the same.

47.     Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 47 and therefore denies the same.

5

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

48. Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 48 and therefore denies the same.

49. Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 49 and therefore denies the same.

50. Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 50 and therefore denies the same.

51. Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 51 and therefore denies the same.

52. Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 52 and therefore denies the same.

53. Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 53 and therefore denies the same.

54. Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 54 and therefore denies the same.

55. Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 55 and therefore denies the same.

56. Trend Nation denies that it is an "Internet Service Provider." Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 56 and therefore denies the same.

57. Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 57 and therefore denies the same.

58. Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 58 and therefore denies the same.

59. Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 59 and therefore denies the same.

60. Trend Nation submits that Paragraph 60 states a legal conclusion as to whether the referenced information constitutes "trade secrets," to which no answer

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

is required. Trend Nation is without sufficient information to admit or deny the remaining allegations of Paragraph 60 and therefore denies the same.

61. Trend Nation submits that Paragraph 61 states a legal conclusion as to whether the referenced information constitutes "trade secrets," to which no answer is required. Trend Nation is without sufficient information to admit or deny the remaining allegations of Paragraph 61 and therefore denies the same.

62. Trend Nation submits that Paragraph 62 states a legal conclusion as to whether the referenced information constitutes "trade secrets," to which no answer is required. Trend Nation denies that it accessed any information regarding RSL as alleged in Paragraph 62 of the Complaint. Trend Nation is without sufficient information to admit or deny the remaining allegations of Paragraph 62 and therefore denies the same.

63. Trend Nation submits that Paragraph 63 states a legal conclusion as to whether the referenced information constitutes "trade secrets," to which no answer is required. Trend Nation is without sufficient information to admit or deny the remaining allegations of Paragraph 63 and therefore denies the same.

64. Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 64 and therefore denies the same.

65. Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 65 and therefore denies the same.

66. Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 66 and therefore denies the same.

67. Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 67 and therefore denies the same.

68. Trend Nation submits that Paragraph 68 states a legal conclusion as to whether the referenced information constitutes "trade secrets," to which no answer is required. Trend Nation denies that Matzenbacher or DiSorbo engaged in unauthorized computer intrusions and misappropriated RSL's alleged trade secrets

DMWEST #16530643 v3

in the course of their employment at, or while acting as agents of, Trend Nation. Trend Nation denies that Matzenbacher or DiSorbo have used or intended to use allegedly misappropriated trade secrets for the benefit of Trend Nation. Trend Nation is without sufficient information to admit or deny the remaining allegations of Paragraph 68 and therefore denies the same.

69.    Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 69 and therefore denies the same.

70.    Trend Nation submits that Paragraph 70 states a legal conclusion to which no answer is required. Trend Nation is without sufficient information to admit or deny the remaining allegations of Paragraph 70 and therefore denies the same.

71.    Trend Nation submits that Paragraph 71 states a legal conclusion to which no answer is required. Trend Nation is without sufficient information to admit or deny the remaining allegations of Paragraph 71 and therefore denies the same.

72.    Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 72 and therefore denies the same.

73.    Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 73 and therefore denies the same.

## <u>COUNT I</u>

### (Computer Fraud and Abuse Act, 18 U.S.C. § 1030)

74.    Trend Nation repeats its answers contained in Paragraphs 1-73, as if set forth fully herein.

75.    Trend Nation submits that Paragraph 75 states a legal conclusion to which no answer is required. Trend Nation is without sufficient information to admit or deny the remaining allegations of Paragraph 75 and therefore denies the same.

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

76. Trend Nation submits that Paragraph 76 states a legal conclusion to which no answer is required. Trend Nation is without sufficient information to admit or deny the remaining allegations of Paragraph 76 and therefore denies the same.

77. Trend Nation submits that Paragraph 77 states a legal conclusion to which no answer is required. Trend Nation is without sufficient information to admit or deny the remaining allegations of Paragraph 77 and therefore denies the same.

78. Trend Nation denies the allegations of Paragraph 78.

79. Trend Nation submits that Paragraph 79 states a legal conclusion to which no answer is required. Trend Nation is without sufficient information to admit or deny the remaining allegations of Paragraph 79 and therefore denies the same.

80. Trend Nation submits that Paragraph 80 states a legal conclusion to which no answer is required. Trend Nation denies that it has committed any illegal acts, will continue to commit illegal acts, and/or has benefitted in any way from the alleged misappropriation of alleged trade secrets and confidential information from RSL. Trend Nation is without sufficient information to admit or deny the remaining allegations of Paragraph 80 and therefore denies the same.

## COUNT II

### (Unlawful Access of a Computer, NRS 205.477)

81. Trend Nation repeats its answers contained in Paragraphs 1-80, as if fully stated herein.

82. Trend Nation submits that Paragraph 82 states a legal conclusion to which no answer is required. Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 82 and therefore denies the same.

83. Trend Nation denies the allegations of Paragraph 83.

84. Trend Nation submits that Paragraph 84 states a legal conclusion to which no answer is required. Trend Nation is without sufficient information to admit or deny the remaining allegations of Paragraph 84 and therefore denies the same.

## COUNT III

### (Unlawful Acts Regarding a Computer, NRS 205.4765)

85. Trend Nation repeats its answers contained in Paragraphs 1-84, as if set forth fully herein.

86. Trend Nation submits that Paragraph 86 states a legal conclusion to which no answer is required. Trend Nation is without sufficient information to admit or deny the remaining allegations of Paragraph 86 and therefore denies the same.

87. Trend Nation denies the allegations of Paragraph 87.

88. Trend Nation submits that Paragraph 88 states a legal conclusion to which no answer is required. Trend Nation is without sufficient information to admit or deny the remaining allegations of Paragraph 88 and therefore denies the same.

## COUNT IV

### (Defend Trade Secrets Act, 18 U.S.C. § 1836(b))

89. Trend Nation repeats its answers contained in Paragraphs 1-88, as if fully set forth herein.

90. Trend Nation submits that Paragraph 90 states a legal conclusion to which no answer is required. Trend Nation is without sufficient information to admit or deny the remaining allegations of Paragraph 90 and therefore denies the same.

91. Trend Nation submits that the statute is publicly available and speaks for itself. Trend Nation denies any allegation inconsistent with the terms of the statute.

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

92. Trend Nation submits that Paragraph 92 states a legal conclusion to which no answer is required. Trend Nation is without sufficient information to admit or deny the remaining allegations of Paragraph 92 and therefore denies the same.

93. Trend Nation submits that Paragraph 93 states a legal conclusion to which no answer is required. Trend Nation is without sufficient information to admit or deny the remaining allegations of Paragraph 93 and therefore denies the same.

94. Trend Nation denies that Matzenbacher or DiSorbo acquired any information to benefit Trend Nation. Trend Nation is without sufficient information to admit or deny the remaining allegations of Paragraph 94 and therefore denies the same.

95. Trend Nation denies the allegations of Paragraph 95.

96. Trend Nation denies the allegations of Paragraph 96.

97. Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 97 and therefore denies the same.

98. Trend Nation submits that the statute is publicly available and speaks for itself. Trend Nation denies any allegation inconsistent with the terms of the statute.

## COUNT V

### (Nevada Uniform Trade Secrets Act, NRS 600A.035)

99. Trend Nation repeats its answers contained in Paragraphs 1-98, as if fully set forth herein.

100. Trend Nation submits that Paragraph 100 states a legal conclusion to which no answer is required. Trend Nation is without sufficient information to admit or deny the remaining allegations of Paragraph 100 and therefore denies the same.

11

101. Trend Nation submits that the statute is publicly available and speaks for itself. Trend Nation denies any allegation inconsistent with the terms of the statute.

102. Trend Nation submits that Paragraph 102 states a legal conclusion to which no answer is required. Trend Nation is without sufficient information to admit or deny the remaining allegations of Paragraph 102 and therefore denies the same.

103. Trend Nation denies that Matzenbacher or DiSorbo acquired any information to provide economic benefit or any competitive or other advantage to Trend Nation. Trend Nation is without sufficient information to admit or deny the remaining allegations of Paragraph 103 and therefore denies the same.

104. Trend Nation denies the allegations of Paragraph 104.

105. Trend Nation denies the allegations of Paragraph 105.

106. Trend Nation submits that Paragraph 106 states a legal conclusion to which no answer is required. Trend Nation is without sufficient information to admit or deny the remaining allegations of Paragraph 106 and therefore denies the same.

107. Trend Nation submits that the statute is publicly available and speaks for itself. Trend Nation denies any allegation inconsistent with the terms of the statute.

## <u>COUNT VI</u>

**(Breach of Contract Against Defendants DiSorbo and Matzenbacher)**

108. Trend Nation repeats its answers contained in Paragraphs 1-107, as if fully set forth herein.

109. Trend Nation submits that the allegation is not directed at Trend Nation. Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 109 and therefore denies the same.

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

110. Trend Nation submits that Paragraph 110 states a legal conclusion to which no answer is required. Trend Nation submits that the allegations are not directed at Trend Nation. Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 110 and therefore denies the same.

111. Trend Nation submits that the allegations are not directed at Trend Nation. Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 111 and therefore denies the same.

112. Trend Nation submits that the allegations are not directed at Trend Nation. Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 112 and therefore denies the same.

113. Trend Nation submits that the allegations are not directed at Trend Nation. Trend Nation is without sufficient information to admit or deny the allegations of Paragraph 113 and therefore denies the same.

## AFFIRMATIVE DEFENSES

Trend Nation continues to investigate RSL's claims and does not waive any affirmative defenses. Trend Nation reserves the right to further amend this Answer to add any subsequently-discovered affirmative defenses.

### First Affirmative Defense

The amended complaint fails to state a claim upon which relief may be granted against Trend Nation.

### Second Affirmative Defense

The damages allegedly suffered by RSL, if any, were proximately caused, or were contributed to, by reason of RSL's own conduct, including but not limited to its failure to protect its own alleged trade secrets and/or confidential information.

///

### Third Affirmative Defense

RSL has failed to mitigate its damages, if any.

### Fourth Affirmative Defense

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

13

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

RSL failed to take reasonable, prudent or customary measures to safeguard its alleged trade secrets and/or confidential information.

### Fifth Affirmative Defense

The alleged damages suffered by RSL, if any, were caused by parties that were not under the control of Trend Nation.

### Sixth Affirmative Defense

RSL is estopped from any relief against Trend Nation by virtue of its own acts or omissions.

### Seventh Affirmative Defense

Trend Nation is not liable under any agency theory or *respondeat superior* for the actions of Matzenbacher or DiSorbo.

### Eighth Affirmative Defense

The Computer Fraud and Abuse Act, 18 U.S.C. § 1030, does not permit liability based on any agency theory and/or *respondeat superior*.

### Ninth Affirmative Defense

NRS 205.477, Unlawful Access of a Computer, does not permit liability based on any agency theory and/or *respondeat superior*.

### Tenth Affirmative Defense

NRS 205.4765, Unlawful Acts Regarding a Computer, does not permit liability based on any agency theory and/or *respondeat superior*.

### *[Remainder of Page Intentionally Left Blank]*

DMWEST #16530643 v3

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

**CROSS-CLAIMS AGAINST KELLY MATZENBACHER AND JOSEPH DISORBO**

Trend Nation, LLC ("Trend Nation") complains against defendants Kelly Matzenbacher and Joseph DiSorbo as follows:

1. These cross-claims arise from this lawsuit filed with the United States District Court, District of Nevada bearing the above-captioned case number and title:

### Parties, Venue, and Jurisdiction

2. At all relevant times, Trend Nation was a Nevada limited liability company.

3. Upon information and belief, defendant Joseph DiSorbo ("DiSorbo") is a resident of Clark, Nevada and domiciled in Clark County, Nevada.

4. Upon information and belief, defendant Kelly Matzenbacher ("Matzenbacher") is a resident of Clark County, Nevada and domiciled in Clark County, Nevada.

5. This Court has subject matter jurisdiction over these cross-claims because they arise from the same background and facts of the original action.

6. Venue is proper before this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this disputed occurred in this judicial district, this Court has personal jurisdiction over each of the parties.

### Background Facts

7. In or around July 2016, plaintiff Webgistix Corporation d/b/a Rakuten Super Logistics ("Plaintiff" or "Webgistix") ended their business/employment relationship with DiSorbo.

8. In or around October 2016, Matzenbacher resigned from his position with Webgistix.

9. Beginning in or around January 2017, Matzenbacher began employment at Trend Nation.

DMWEST #16530643 v3

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

10. According to Webgistix's complaint, following Matzenbacher's resignation, Matzenbacher and/or DiSorbo logged into various Webgistix computer systems and software.

11. Prior to being served with this lawsuit, Trend Nation had no knowledge that Matzenbacher or DiSorbo ever logged into any Webgistix system or software.

12. At no time did Trend Nation authorize, request or ask – either expressly or implicitly – Matzenbacher or DiSorbo to log into Webgistix system or software.

13. DiSorbo and/or Matzenbacher acted outside the scope of their employment or relationship with Trend Nation if either logged into any Webgistix computer system or software, as alleged by Webgistix.

14. Trend Nation never requested or asked, express or implied, that either DiSorbo or Matzenbacher use their log in credentials at Webgistix to misappropriate trade secrets or any other information from Webgistix.

15. DiSorbo and/or Matzenbacher acted outside the scope of their employment or relationship with Trend Nation if either misappropriated any trade secret information or any other information from Webgistix, as alleged by Webgistix.

## COUNT I

**Contribution Pursuant to NRS 17.225 Against Matzenbacher and DiSorbo**

16. Trend Nation re-alleges and reincorporates by reference Paragraphs 1 through 15.

17. The acts and/or omissions of Matzenbacher and/or DiSorbo were responsible for the damages to Webgistix, if any.

18. If Trend Nation is found liable for any amounts, sums, attorneys' fees and costs, damages, or any other relief to Webgistix arising from the complaint on file in this action, then Trend Nation is entitled to contribution and/or

16

apportionment from Matzenbacher and/or DiSorbo in a percentage equal to their respective fault.

19. Trend Nation has been forced to retain the services of an attorney and is entitled to recover its attorneys' fees and costs from DiSorbo and/or Matzenbacher.

WHEREFORE, Trend Nation prays for judgment against RSL and the cross-defendants as follows:

1. That RSL take nothing by virtue of the complaint;

2. Contribution and/or apportionment against Matzenbacher and/or DiSorbo;

3. For the costs of suit incurred herein;

4. For attorneys' fees and costs; and,

5. For such other and further relief as the Court deems just, equitable, and proper.

Dated: May 23, 2017.

BALLARD SPAHR LLP

By: /s/ Russell J. Burke
Abran E. Vigil
Nevada Bar No. 7548
Russell J. Burke
Nevada Bar No. 12710
100 North City Parkway, Suite 1750
Las Vegas, NV 89106

Edward J. McAndrew (pro hac vice to be submitted)
919 N. Market Street, 11th Floor
Wilmington, DE 19801

*Attorneys for Defendant Trend Nation, LLC*

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

17

Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617

1  **CERTIFICATE OF SERVICE**

2      I hereby certify that on the 23rd day of May, 2017, a true copy of the

3  foregoing **Answer and Crossclaims** was filed via the Court's CM/ECF System and

4  electronically served by the Court on all parties in interest.

5

6                         /s/ Sarah Walton

7                         An Employee of Ballard Spahr LLP

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DMWEST #16530643 v3